FILED
11|14|26
Date                Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN LANE

    Plaintiff,

-vs-                                      CASE NO.: 6:16-CV-1993-ORL-22TBS

BLUESTEM BRANDS, INC., d/b/a
FINGERHUT,

    Defendant.

_____/

## COMPLAINT

    COMES NOW Plaintiff, John Lane, by and through the undersigned counsel, and sues Defendant, Bluestem Brands, Inc., d/b/a Fingerhut ("Fingerhut") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

### INTRODUCTION

    1.    The TCPA was enacted to prevent companies like Fingerhut from invading American citizen's privacy and prevent abusive "robo-calls."

    2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

    3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

1



dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Orange County. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Fingerhut, is a corporation formed in Delaware with its principal place of business located at 6509 Flying Cloud Dr., Eden Prairie, MN 55344 and which conducts business in the State of Florida.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. Fingerhut is a "creditor" as defined in Florida Statute §559.55(5).

3

16.   Fingerhut called Plaintiff on Plaintiff's cellular telephone approximately two hundred and seventy five (275) times since July 1, 2016 in an attempt to collect a debt.

17.   Fingerhut attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.   Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received, because he received prerecorded messages from Fingerhut and because before an agent of Fingerhut came on the line, there was a noticeable pause.

19.   Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (407)***-1880, and was the called party and recipient of Defendant's calls.

20.   Beginning on or about July 2016, Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Fingerhut, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (866) 625-7191 and (855) 895-3392.

21.   In or about the middle of July 2016, Plaintiff began receiving telephone calls to his aforementioned cellular telephone number from Fingerhut seeking to recover

4

an alleged debt. Plaintiff answered several calls from Fingerhut and demanded that they stop calling his cellular telephone number.

22. In or about the end of August 2016, Plaintiff once more demanded Fingerhut's agent he wished for the calls to stop. Plaintiff explained to representative that they had called over 200 times, and he would hire an attorney if calls continued.

23. Despite Plaintiff clearly and unequivocally revoking any express permission Fingerhut may have had to call him on his cellular telephone, Fingerhut continued to call his phone with automated messages.

24. Due to the amount of automated calls Plaintiff received from Fingerhut to his cellular telephone, he was not able to properly catalogue each and every one; however, attached hereto as Exhibit "A" is a small sampling of the calls Plaintiff received.

25. Fingerhut has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

26. Fingerhut has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Fingerhut, to remove the number.

27. Fingerhut's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Fingerhut they wish for the calls to stop.

28. Fingerhut has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

29. Fingerhut has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

30. Fingerhut has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

31. Fingerhut's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

32. Fingerhut has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

33. Not a single call placed by Fingerhut to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

34. Fingerhut willfully and/or knowingly violated the TCPA with respect to Plaintiff.

35. From each and every call placed without consent by Fingerhut to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

36. From each and every call without express consent placed by Fingerhut to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Fingerhut's calls.

37. From each and every call placed without express consent by Fingerhut to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Fingerhut to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by Fingerhut to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

40. Each and every call placed without express consent by Fingerhut to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

41. Each and every call placed without express consent by Fingerhut to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

42. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and trouble sleeping.

## COUNT I
### (Violation of the TCPA)

43. Plaintiff fully incorporates and realleges paragraphs one (1) through forty two (42) as if fully set forth herein.

44. Fingerhut willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Fingerhut that he wished for the calls to stop.

45. Fingerhut repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Fingerhut for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

46. Plaintiff fully incorporates and realleges paragraphs one (1) through forty two (42) as if fully set forth herein

47. At all times relevant to this action Fingerhut is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

48. Fingerhut has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

49. Fingerhut has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

50. Fingerhut's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Fingerhut for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
tgomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff